UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANETT BRINKLEY,

|                     |                                      |
|---------------------|--------------------------------------|
| Plaintiff,          | Case No.  14-13560                   |
| v.                  | District Judge Laurie J. Michelson   |
|                     | Magistrate Judge Anthony P. Patti    |

COMMISSIONER OF SOCIAL
SECURITY,

Defendant.

_____/

## REPORT AND RECOMMENDATION

I.      **RECOMMENDATION**: The Court should dismiss Plaintiff's action

pursuant to Federal Rule of Civil Procedure 41(b) and Eastern District of Michigan

Local Rule 41.2 for failure to prosecute.

II.     **REPORT**

        This matter is before the United States Magistrate Judge for a Report and

Recommendation on the Court's January 9, 2015 Order to Show Cause Based on

the Absence of Plaintiff's Motion for Summary Judgment.  (DE 12.)

1

### A.  **Background**

On September 12, 2014, Plaintiff filed her Complaint and Application to

Proceed without Prepaying Fees or Costs.  (DE 1-3.)  The Court granted Plaintiff's

Application on September 16, 2014.  In November 2014, the Commissioner of

Social Security filed an Answer and a certified copy of the Transcript of the Social

Security Proceedings.  (DE 8, 10.)  Thereafter, the Court issued a Scheduling

Order.  (DE 11.)  Pursuant to the Order, Plaintiff's Motion for Summary Judgment

was due on December 22, 2014.

Because Plaintiff failed to timely file her Motion for Summary Judgment, on

January 9, 2015, the Magistrate Judge[1] issued a Show Cause Order.  The

Magistrate Judge gave Plaintiff until January 23, 2015 to file her Motion for

Summary Judgment.  (DE 12.)  The Court cautioned Plaintiff that failure to comply

with the Show Cause Order would result in dismissal with prejudice under Federal

Rule of Civil Procedure 41(b) and Local Rule 41.2 for failure to prosecute.  To

date, Plaintiff has not responded to the Show Cause Order.

### B.  **Standard**

Federal Rule of Civil Procedure 41(b) and Local Rule 41.2 authorize

involuntary dismissal for failure to prosecute or to comply with rules of procedure

---

[1] This action was initially referred to United States Magistrate Judge Patricia T.
Morris.  (DE 3.)  The case was reassigned to the Undersigned on January 13, 2015.
(DE 13.)

2

or court orders.  *See also Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Walbash R. Co.*, 370 U.S. 626, 629-32 (1962)).  "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties."  *Knoll v. AT&T*, 176 F.3d 359, 63 (6th Cir. 1999).

The United States Court of Appeals for the Sixth Circuit directs district courts to consider the following factors in deciding whether to dismiss under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008) (internal citations omitted).  Although none of the factors is "'outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'"  *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

### C. **Discussion**

In the instant case, the record demonstrates such delay and contumacious conduct.  After Plaintiff failed to file her Motion for Summary Judgment, the Court issued an Order to Show Cause, warning her that her failure to file any further documents by January 23, 2015 would result in a Report and Recommendation that the case be dismissed with prejudice pursuant to Rule 41(b) and E.D. Mich. LR 41.2.  The Order provided Plaintiff with adequate notice of the Court's intention to dismiss for failure to prosecute and supplied her with a reasonable period of time to comply.  Plaintiff did not file her Motion for Summary Judgment or otherwise respond to the Order in the time provided.  Because Plaintiff has missed multiple deadlines and disregarded Court Orders, the Undersigned concludes that no alternative sanction would protect the integrity of the pretrial process.  The Undersigned therefore **RECOMMENDS** that the Court **DISMISS** Plaintiff's action under Rule 41(b) and E.D. Mich. LR 41.2.

## III.   PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health &*

*Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation.  *Willis v. Sec'y of Health &*

*Human Servs.*, 932 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule

72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No.

2," *etc.*  Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains.  Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich LR

72.1(d).  The response must specifically address each issue raised in the objections,

in the same order, and labeled as "Response to Objection No. 1," "Response to

Objection No. 2," *etc.*  If the Court determines that any objections are without

merit, it may rule without awaiting the response.


Dated: February 4, 2015                    s/Anthony P. Patti
                                           Anthony P. Patti
                                           UNITED STATES MAGISTRATE JUDGE

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was sent to parties of record on February 4, 2015, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti
(313) 234-5200

6