UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANETT BRINKLEY,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

Case No. 14-13560
Honorable Laurie J. Michelson
Magistrate Judge Anthony P. Patti

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [14]**

    Plaintiff Anett Brinkley filed a *pro se* Complaint under 42 U.S.C. § 405(g) seeking review of Defendant Commissioner of Social Security's denial of disability insurance benefits and supplemental social security income. (Dkt. 1.) Now before the Court is Magistrate Judge Anthony Patti's Report and Recommendation to Deny Plaintiff's Complaint for failure to prosecute under Federal Rule of Civil Procedure 41(b) and Eastern District of Michigan Local Rule 41.2. (Dkt. 14.) For the reasons that follow, the Court adopts the Report and Recommendation and dismisses the Complaint.

**I. BACKGROUND**

    Brinkley applied for disability insurance benefits and supplemental social security income based on her arthritis, with an alleged onset date of April 9, 2010. (Tr. at 165, 172.) After a hearing, an Administrative Law Judge ("ALJ") issued an opinion finding that Brinkley was not disabled. (Tr. at 12.) More specifically, in applying the relevant five-part test, the ALJ found that (1) Brinkley had not engaged in substantial gainful activity since the alleged onset date; (2) Brinkley had the severe impairment of arthritis, 20 C.F.R. §§ 404.1520(c); 416.920(c); (3)

Brinkley's impairments did not meet or medically equal the severity of any listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) Brinkley had the residual functional capacity to perform the full range of light work as defined in 20 C.F.R. §§ 404.1567(b); 416.967(b); and (5) Brinkley was capable of performing past relevant work as a substitute teacher. (Tr. at 13–19.) Based on these findings, the ALJ denied benefits. (Tr. at 19.) After the Appeals Council denied review, Brinkley filed this suit. The case was referred for all pretrial matters to Magistrate Judge Patricia T. Morris.

After the Commissioner filed an Answer and a certified copy of the Transcript of the Social Security proceedings, the Magistrate Judge issued a Scheduling Order. (Dkt. 11.) Plaintiff's Motion for Summary Judgment was due on December 22, 2014, and Defendant's was due on January 22, 2015. (*Id*.) On January 9, 2015, Plaintiff having failed to file her motion, the Magistrate Judge issued a Show Cause Order requiring Plaintiff to file it by January 23, 2015. (Dkt. 12.) The Magistrate Judge cautioned Plaintiff that "[i]n the event that Plaintiff fails to file any further documents, the Court will issue a Report and Recommendation that the case be dismissed with prejudice for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and E.D. Mich. LR 41.2." (*Id.* at 1–2.) Shortly thereafter, the case was reassigned from Magistrate Judge Morris to Magistrate Judge Patti. (Dkt. 13.) Plaintiff did not file her motion. The Commissioner also did not file a Motion for Summary Judgment.

The Magistrate Judge entered a Report and Recommendation to Deny Plaintiff's Complaint for failure to prosecute under Federal Rule of Civil Procedure 41(b) and E.D. Mich. LR 41.2. (Dkt. 14.) At the conclusion of the Report, the Magistrate Judge informed the parties that either could seek review of the Report by filing objections within fourteen days of service.

(Report at 4.) Neither party filed objections, the time to do so has expired, and the matter is now ready for disposition.

## II. DISCUSSION

Federal Rule of Civil Procedure 41(b) allows a Court to enter involuntary dismissal "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Although the rule contemplates dismissal on motion of a defendant, federal courts have the inherent power to act *sua sponte* to dismiss a suit for failure to prosecute. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–32 (1962). Dismissal for failure to prosecute "is a harsh sanction which the court should order only in extreme situations showing a clear record of contumacious conduct by the plaintiff." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (internal quotation marks omitted). The Sixth Circuit has outlined the following factors in reviewing a dismissal for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Id.* (citing *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir.1999)). Where, as here, the Plaintiff is proceeding *pro se*, the Court considers that such a litigant "may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, [but] there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991); *see also Salmo v. Comm'r of Soc. Sec.*, No. 11-14926, 2012 WL 6929176, at *2 (E.D. Mich. Nov. 27, 2012) ("'[T]he Court must take into consideration the difficulties an individual faces in bringing forward their case without the benefit of legal

3

representation.' . . . [but] pro se litigants are not to be accorded any special consideration when they fail to adhere to readily comprehended court deadlines.'" (internal citations omitted)), *report and recommendation adopted*, No. 11-14926, 2013 WL 273205 (E.D. Mich. Jan. 24, 2013).

As noted in *Salmo*, courts within this District have dismissed Social Security complaints under Rule 41(b) where the plaintiff "has neither filed a summary judgment motion nor responded to a show cause order. *Id.* at *3 (citing cases). Here, Plaintiff failed to comply with the Court-issued scheduling order and did not respond to the Magistrate Judge's Show Cause Order, which warned Plaintiff of the effect of failure to respond. In these circumstances, the Court agrees with the Magistrate Judge's recommendation that this case should be dismissed for failure to prosecute.

In adopting the Report and Recommendation to dismiss pursuant to Rule 41(b), the Court recognizes that "reasonable jurists may differ on [whether a *pro se* social security Complaint may be dismissed for want of prosecution], including judges in this District[.]" *Crist v. Comm'r of Soc. Sec.*, No. 13-CV-14008, 2014 WL 2931412, at *2 (E.D. Mich. June 27, 2014) (citation omitted). In *Wright v. Comm'r of Soc. Sec.*, No. 09-15014, 2010 WL 5420990, at *3 (E.D. Mich. Dec. 27, 2010), for example, the court remanded the case for further administrative proceedings instead of dismissing for failure to prosecute, explaining that "proof of plaintiff's disability is strong and evidence to the contrary is non-existent." *Wright*, 2010 WL 5420990, at *9. The same cannot be said for this case.

Given the Plaintiff's *pro se* status, her filing of a complaint that sets forth her allegations, and the harshness of a dismissal for want of prosecution, the Court has "review[ed] the administrative record for obvious errors in order to 'affirm the Commissioner's conclusions

4

absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record.'" *Crist*, 2014 WL 2931412, at *2 (quoting *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005)). The Court finds that the ALJ made no such errors. In particular, the ALJ appropriately found that Plaintiff's arthritis did not meet or medically equal a listed impairment and correctly determined Plaintiff's residual functional capacity.

As to the listed impairments, the ALJ considered Listing 1.02, Major Dysfunction of a Joint, and Listing 14.09, Inflammatory Arthritis. The medical records from two consulting and two treating physicians reflect that Brinkley had been diagnosed with arthritis in her thumbs, two fingers, and her cervical spine; had developed hammertoes; had thickened interphalangeal hand joints; experienced swelling in her hand joints and right ankle; and, lastly, experienced stiffness in her back. (*See* Tr. 33, 319, 328.) These ailments do not "result[] in inability to ambulate effectively" as required by Listing 1.02(A), or "in inability to perform fine and gross movements effectively," as required by Listing 1.02(B). Nor do they rise to the level of severity required by the listing for inflammatory arthritis, Listing 14.09, which generally involves extreme limitation (such as inability to ambulate effectively) or multiple complications. And while the ALJ articulated many of these facts in portions of his opinion that did not directly address Step Three, this does not mean his Step Three findings are inadequate. *See Bledsoe v. Barnhart*, 165 F. App'x 408, 411 (6th Cir. 2006) ("The ALJ did not err by not spelling out every consideration that went into the step three determination. . . . The ALJ described evidence pertaining to all impairments, both severe and non-severe, for five pages earlier in his opinion and made factual findings. The ALJ explicitly stated that he considered the combination of all impairments even though he did not spell out every fact a second time under the step three analysis.").

As to Plaintiff's residual functional capacity, the ALJ considered Plaintiff's testimony at the hearing, reports from her consulting and treating physicians, treatment history, and reports from the Plaintiff's sister. The ALJ found that Plaintiff's statements concerning the "intensity, persistence, and limiting effects" of her systems were "not entirely credible[.]" (Tr. at 16.) This conclusion was appropriate given his finding of "significant inconsistencies" between Plaintiff's claims of complete disability and the "weight of the medical evidence," which included findings regarding Plaintiff's mobility, and Plaintiff's own self-reported daily activities, which included household chores, grocery shopping, and reading to neighborhood children. (Tr. at 16–17.) The ALJ also noted that "there is no medical opinion of record by treating or examining practitioners to indicate that [Brinkley] was prevented from all work activity or more limited than assessed above." (Tr. at 18.)

This case is similar to *Salmo* in that "it cannot be said that the evidence supporting the ALJ's finding that Plaintiff is not disabled is 'non-existent." *See Salmo*, 2012 WL 6929176 at *4. Over three months have passed since Plaintiff was ordered to file her motion for summary judgment and Plaintiff has taken no action, even after the Magistrate Judge issued a Show Cause Order notifying her of the consequences. Nor did she raise any objections to the recommended dismissal. In these circumstances, the Court finds that dismissal is appropriate.

### III. CONCLUSION

For the reasons set forth above, the Court ADOPTS the Report and Recommendation (Dkt. 14) and DISMISSES the Complaint pursuant to Federal Rule of Civil Procedure 41(b) and Eastern District of Michigan Local Rule 41.2.

s/Laurie J. Michelson  
LAURIE J. MICHELSON  
UNITED STATES DISTRICT JUDGE

Dated:  April 13, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on April 13, 2015.

                                        s/Jane Johnson
                                        Case Manager to
                                        Honorable Laurie J. Michelson

2:14-cv-13560-LJM-APP Doc # 15 Filed 04/13/15 Pg 7 of 7 Pg ID 386